ELGIN NAT. WATCH CO. v. ILLINOIS WATCH-CASE CO. et al.

(Circuit Court, N. D. Illinois.   March 31, 1898.)

1. TRADE-MARK—USE OF GEOGRAPHICAL NAME.
    Complainant has manufactured watch movements at the town of Elgin since 1865, during which time it has used the word "Elgin" as a distinguishing mark on all of its products, which have become known by that name throughout the commercial world.   *Held* that, though geographical, the name has become a trade-mark, and complainant is entitled to be protected against its use for the purpose of representing the products of others as its own manufacture.[1]

2. SAME—UNFAIR COMPETITION—WHAT CONSTITUTES.
    Though complainants use the word "Elgin" as a designating mark on watch movements only, usually upon the dial, the use of the name "Elgin

———

[1] As to use of geographical name as trade-mark, see note to Hoyt v. J. T. Lovett Co., 17 C. C. A. 657.

Tiger" or "Elgin Giant" on watch cases in which other movements are sold is unfair competition, though the cases are made in the town of Elgin, there being no other movements than complainants' made there.[2]

This is a suit in equity for infringement of a trade-mark.

George S. Prindle and Lysander Hill, for complainant.
Banning & Banning, for defendants.

SHOWALTER, Circuit Judge.    The complainant, under the name of National Watch Company, about 1865 commenced the business of manufacturing watch movements at the town of Elgin, in Kane county, Ill.   From the first it placed on its watch movement, as a mark of origin, the word "Elgin." From this mark these movements, when cased and sold, became known to the public as Elgin watches. In 1874, the complainant, apparently because its product had become known the world over as Elgin watches, rather than as indicating the town at which its manufacturing operations were carried on, changed its name to Elgin National Watch Company, and thenceforward under that name continued the watch-manufacturing business.    The home office of the Elgin National Watch Company is in the city of Chicago, but its place of manufacture has always been, and continues to be, the town of Elgin.    The watch movements made by the complainant are sold all over the world,—that is to say, in all countries where watches are in use,—and the mark "Elgin" on such watch movement (usually on the dial) indicates to the trading public that such watch movement was made at the manufacturing establishment which produces Elgin watches, namely, by the Elgin National Watch Company. This mark has this significance where the town of Elgin is entirely unknown.    In other words, this mark, used by complainant as here stated, performs distinctly the function of a trade-mark.    It indicates in the trade-mark sense the origin of the watch movement on which it is placed.    Notwithstanding the fact, therefore, that the word "Elgin" is the name of a town, and in that sense a geographical name, yet since, in this instance, it answers the function of a trade-mark, my conviction is that it is a trade-mark, and should be so treated.    The theory of unfair competition in trade would here rest on the fact that the mark of origin on the manufactured article is put on or attached to other articles of the same kind, not made by complainant, and for the purpose of representing such articles as the product of complainant.    This is, therefore, strictly a trade-mark case.

In 1876 the word "Elgin" was registered by complainant in the patent office at Washington under an act of congress subsequently declared unconstitutional and void.    Afterwards, and in 1892, and under the present law (1881) on the subject, this word was again registered as a trade-mark by complainant.    The defendants manufacture watch cases.    Their place of manufacture was formerly in Chicago.    In 1890 they changed their location to Elgin, with the purpose, as it seems to me, of giving some color of right to a designed trespass on complainant's good will.    The watch movement or time-

[2] As to unfair competition in trade, see note to Scheuer v. Muller, 20 C. C. A. 165, and supplementary note to Lare v. Harper & Bros., 30 C. C. A. 376.

keeping mechanism is the essential part of a watch. Case manufacturers have not usually put marks of origin on their peculiar product; at least no such marks as would mislead touching the maker of the movement. There was and is but one establishment at Elgin in which watch movements are made, namely, that of complainant. Defendants place upon some of their watch cases the words "Elgin Tiger," upon others the words "Elgin Commander," and upon others "Elgin Giant." They procured the registration of the words "Elgin Tiger" in the patent office at Washington in December, 1893, and the words "Elgin Giant" in April, 1894. A watch case is intended to inclose a watch movement. The customer buys the cased movement as a watch. I think the evidence shows very clearly that the intent of the defendants, and the effect of what they did, was to use the reputation of the complainant for the purpose of enabling inferior movements, not made by the Elgin National Watch Company, but inclosed in cases made by the defendants, to be sold as Elgin watches. That is to say, the idea was that people familiar with, or having knowledge of, the article manufactured by complainant, might be induced to buy as an Elgin watch an inferior or different movement if placed in one of the cases made by defendants, and marked with the word "Elgin" in one of the combinations "Elgin Tiger," "Elgin Giant," or "Elgin Commander." The bill alleges that the watch movement made by the complainant is intended for and is the subject-matter of commerce in foreign countries, but it does not contain the averment that the defendants' product is also sold in foreign countries, or intended for foreign commerce. It is a fair inference, not only from matters put in evidence by the complainant, but also from the sworn statement made by defendants in procuring the registrations mentioned above, which statements were put in evidence by defendants, that their product is also intended to be, and is in fact, the subject of foreign or international commerce. I think, upon this showing, complainant may be permitted to amend its bill in the respect here referred to, and that a decree for an injunction may go.